1   Vedder Price (CA), LLP
    Robert S. Beiser, Bar No. 0158682, Pro Hac Vice
2   Application Pending
    rbeiser@vedderprice.com
3   Alain Villeneuve, Bar No. 06279975, Pro Hac Vice
    Application Pending
4   avilleneuve@vedderprice.com
    Lucky Meinz, Bar No. 260632
5   lmeinz@vedderprice.com
    275 Battery Street, Suite 2464
6   San Francisco, California 94111
    T: +1 (415) 749 9500
7   F: +1 (415) 749 9502

8   Attorneys for Plaintiff
    Michael David LLC

9

10              **UNITED STATES DISTRICT COURT**

11              **EASTERN DISTRICT OF CALIFORNIA**

12

13   MICHAEL DAVID LLC, a California limited     Case No.
    liability company,

14                         **COMPLAINT FOR INJUNCTIVE AND**
            Plaintiff,           **OTHER RELIEF BY MICHAEL**

15                         **DAVID LLC**
       v.

16                         **DEMAND FOR JURY TRIAL**
    OAK RIDGE WINERY LLC, a California

17   limited liability company,

18             Defendant.

19

20      Plaintiff, Michael David LLC ("Plaintiff"), a California limited liability company, by and

21 through its attorneys, against Defendant, Oak Ridge Winery LLC, a California limited liability

22 company ("Defendant"), states its Complaint and alleges as follows:

23                 **PARTIES, JURISDICTION AND VENUE**

24                          <u>**Parties**</u>

25      Plaintiff is a limited liability company incorporated in the State of California with its

26 principal place of business at 9850 West Highway 12, Lodi, California 95242.

27      Upon information and belief, Defendant is a limited liability company organized and

28 existing under the laws of California with its principal place of business at 6100 East Highway

1    12 (Victor Road), Lodi, California 95240.

2         Upon information and belief, Defendant conducts business from the website

3    oakridgewinery.com.  This website is accessible from anywhere in the United States, and wine is

4    sold anywhere in the United States, including in this District.

5                                          **Jurisdiction**

6         This Court has jurisdiction over the matters raised herein pursuant to 28 U.S.C. § 1331, 28

7    U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

8                                             **Venue**

9         Pursuant to 28 U.S.C. § 1391(b) and (c), venue in this matter is proper in this District

10   because Defendant regularly does business, including via its website, in this District, and offers

11   and sells goods in this District.

12                      **ALLEGATIONS COMMON TO ALL COUNTS**

13              **Plaintiff Owns LODI RED® and LODI VINEYARDS™**

14        Plaintiff is a leading producer of wines in the United States and abroad.

15        Plaintiff is the uncontested and sole owner of U.S. Trademark Registration No. 2,580,652

16   for the mark LODI RED® for wine in class 33.

17        U.S. Trademark Registration No. 2,580,652 was issued on June 18, 2002 and is in full

18   force and effect in the United States.  This registration has been incontestable since October 13,

19   2007.  Plaintiff, through this valid and enforceable registration, is entitled to all rights accorded

20   under the trademark statutes, including but not limited to exclusive use of this mark in commerce

21   in association with wine.   A copy of the Certificate of Registration of U.S. Trademark

22   Registration No. 2,580,652 is attached as Exhibit A.

23        Plaintiff has been openly and continuously selling LODI RED® wine in the interstate

24   market for well over three decades. LODI RED® wine has been on sale by Plaintiff for at least

25   34 years.   In addition to any statutory rights in LODI RED®, Plaintiff also has acquired

26   common-law rights in LODI RED® in association with wine.

27        Over the years, LODI RED® has acquired a strong market recognition both with the

28   public at large and with specialists in this field.  LODI RED® has a secondary meaning that is

- 2 -                   COMPLAINT FOR INJUNCTIVE AND
                       OTHER RELIEF BY MICHAEL DAVID LLC

1  distinctive as associated with Plaintiff as a source of origin for these goods.

2  In addition to selling wine under the trademark LODI RED®, Plaintiff also uses the mark

3  LODI VINEYARDS™ in association with wine and winemaking as a source of origin for wine.

4  On December 1, 2014, Plaintiff secured California Trademark Registration No. 115647 for the

5  mark LODI VINEYARDS™ for wine. A copy of the Certificate of Registration of Cal. Reg. No.

6  115,647 is attached as Exhibit B.

7  In addition to these statutory rights in LODI VINEYARDS™, Plaintiff has, over the

8  years, acquired common-law rights in California and in the United States in association with the

9  sale of wine with the mark LODI VINEYARDS™.  Upon information and belief, the date of

10  first use in California is at least March 14, 2001, and the first use in the United States is at least

11  the same date.

12  **Defendant's Use of Lodi Estates**

13  During early 2010, Plaintiff first became aware of Defendant's use of the mark LODI

14  ESTATES in the United States in association with wine.

15  Plaintiff immediately notified Defendant of Plaintiff's ownership of rights in LODI RED®

16  and LODI VINEYARDS™.  Defendant, upon information and belief, ceased to use LODI

17  ESTATES in commerce for years.

18  Later, years after this notice, Plaintiff discovered that Defendant had resumed using the

19  mark LODI ESTATES in association with wine, as a new product resurfaced that was branded

20  using this expression.

21  Upon information and belief, the expression LODI ESTATES used by Defendant is

22  unregistered on the Federal Registry.

23  Defendant currently advertises and sells a red wine, of the type Cabernet Sauvignon with

24  the mark, as LODI ESTATES. It is at a minimum advertised on the Defendant's own website at

25  www.oakridgewinery.com/wine/lodi-estates-cabernet-sauvignon/.

26  Also upon information and belief, Plaintiff is a senior user of the marks LODI RED® and

27  LODI VINEYARDS™ in association with wine and, as a senior user, has acquired priority of

28  rights in common law and under federal statutes.

1    Defendant's products named LODI ESTATES can be purchased by Plaintiff's own

2    customers in the United States in hundreds of locations using a search tool to find these multiple

3    venues located on Defendant's own website. This product can be purchased at Oak Ridge

4    Winery's tasting room, located at 6100 East Highway 12, Lodi, California 95240, a mere 12

5    miles away from Plaintiff's own place of business located on the same Highway 12 in Lodi,

6    California.

7    The sale of different red wines, from two different producers under the respective brands

8    LODI RED®, LODI VINEYARDS™ and LODI ESTATES, results in immediate consumer

9    confusion and therefore infringement of Plaintiff's rights.

10    This action is for trademark infringement, unfair competition, injury to business reputation

11    and common-law injury to business reputation, arising under the Lanham Act, 15 U.S.C.

12    §§ 1114 and 1125, and the laws of the State of California, including the Business and

13    Professions Code § 17200 et seq.

14
15

**COUNT I**
**Trademark Infringement Pursuant to**
**§ 32 of the Lanham Act (15 U.S.C. § 1114)**

16    Plaintiff adopts, restates and realleges each and every allegation previously set forth in

17    this Complaint as if fully set forth in this paragraph.

18    Plaintiff, after decades of use of the trademarks LODI RED® and LODI VINEYARDS™

19    in association with wine in commerce, has acquired exclusive rights to use these trademarks

20    pursuant to the Lanham Act, 15 U.S.C. § 1057.  Through decades of marketing and selling wine

21    under the trademarks LODI RED® and LODI VINEYARDS™, Plaintiff has become well

22    recognized by the general public and to purchasers of wine.   LODI RED® and LODI

23    VINEYARDS™ distinguish Plaintiff, its goods and the goodwill associated therewith from its

24    competitors and their products.

25    Defendant, through the use of the confusingly similar expression LODI ESTATES in

26    commerce (as close as just down the street) in association with its own brand of wine, is creating

27    confusion with Plaintiff's wines branded as LODI RED® and LODI VINEYARDS™.  Plaintiff

28    knows that consumers are likely to be confused and/or actually are confused by wines branded

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

COMPLAINT FOR INJUNCTIVE AND
OTHER RELIEF BY MICHAEL DAVID LLC

for one source as LODI ESTATES and for a different source down the street as LODI RED® / LODI VINEYARDS™.  Consumers are also to likely assume that Plaintiff and Defendant's wines originate from a single source.

At a minimum, Defendant's action constitutes trademark infringement in violation of Section 32(a) of the Lanham Act.  15 U.S.C. § 1114.  Defendant has been given notice since at least 2010 of Plaintiff's rights, and the foregoing acts of infringement by Defendant have been and continue to be deliberate, willful and wanton. Defendant further ignores multiple recent warnings and notices given by Plaintiff. Such conduct makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

Defendant's use and continued use of LODI ESTATES is also without any license or permission from Plaintiff.

The trademark infringement complained of herein has caused and, unless restrained and enjoined, will cause irreparable harm, damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, and to the strength of its trademarks.  The injury to Plaintiff is and continues to be ongoing and irreparable.

## COUNT II
### Federal Unfair Competition Pursuant to
### § 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph.

The trademark as used by Plaintiff in connection with wine is inherently distinctive and/or has acquired secondary meaning in the marketplace over the last decades of continuous use in commerce.

Defendant's use of LODI ESTATES constitutes infringement of Plaintiff's wine under the registered and common-law marks LODI RED® and LODI VINEYARDS™ and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's goods by Plaintiff, in violation of 15 U.S.C. § 1125.

1    Because of the actual notice given by Plaintiff to Defendant as early as 2010, Defendant is

2    now deliberately and knowingly using and continuing to use LODI ESTATES in bad faith with

3    the intent to trade upon the goodwill established by Plaintiff to create confusion in the public

4    mind and to misappropriate Plaintiff's rights in the goodwill it has established in the trademarks

5    LODI RED® and LODI VINEYARDS™, all to the irreparable injury of Plaintiff.

6    By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be

7    damaged and, unless Defendant's activities are restrained, Plaintiff will continue to suffer

8    serious and irreparable injury, without a full and adequate remedy at law.

9    Defendant's unauthorized use in commerce of LODI ESTATES on products results in a

10   false designation of origin as to the goods provided by Defendant and a misleading

11   representation that is likely to deceive and has deceived the relevant public to believe that there

12   is an affiliation, connection or association between Plaintiff and Defendant.

13   Defendant's use of LODI ESTATES constitutes a violation of Section 43(a) of the

14   Lanham Act, 15 U.S.C. § 1125(a).

15   Plaintiff has been irreparably harmed by the conduct and acts of Defendant, and these

16   injuries will continue unless Defendant's wrongful and willful conduct is preliminarily and

17   permanently enjoined.

18                                        **COUNT III**

19                          **Common-Law Trademark Infringement**

20   Plaintiff repeats and realleges the contents of the paragraphs above as if set forth at length

21   in this paragraph.

22   Defendant's unauthorized use of LODI ESTATES in association with wine constitutes an

23   infringement of Plaintiff's federal and state common-law rights in the trademarks LODI RED®

24   and LODI VINEYARDS™, as it creates confusion and wrongful association of origin.

25   Because of the actual notice given by Plaintiff to Defendant as early as 2010, Defendant is

26   now deliberately and knowingly using and continuing to use LODI ESTATES in bad faith with

27   the intent to trade upon the goodwill established by Plaintiff to create confusion in the public

28   mind and to misappropriate Plaintiff's rights in the goodwill it has established in the trademarks

1    LODI RED® and LODI VINEYARDS™, all to the irreparable injury of Plaintiff.

2         By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be

3    damaged and, unless Defendant's activities are restrained, Plaintiff will continue to suffer

4    serious and irreparable injury, without a full and adequate remedy at law.

5         Defendant's unauthorized use in commerce of LODI ESTATES on products results in a

6    false designation of origin as to the goods provided by Defendant and a misleading

7    representation that is likely to deceive and has deceived the relevant public to believe that there

8    is an affiliation, connection or association between Plaintiff and Defendant.

9

10
                                    **COUNT IV**
                   **Unfair Competition under California Business**
11                 **and Professions Code § 17200, et seq.**

12        Plaintiff adopts, restates and realleges each and every allegation previously set forth in

13   this Complaint as if fully set forth in this paragraph.

14        Defendant's actions discussed herein constitute unfair competition within the meaning of

15   California Business and Professions Code § 17200.

16        Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to

17   preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition,

18   as well as disgorgement of all of Defendant's profits associated with this unfair competition.

19                                  **COUNT V**
                   **Common-Law Injury to Business Reputation**
20

21        Plaintiff adopts, restates and realleges each and every allegation previously set forth in

22   this Complaint as if fully set forth in this paragraph.

23        Plaintiff alleges that Defendant's use of the mark LODI ESTATES, a mark that very

24   closely resembles Plaintiff's marks LODI RED® and LODI VINEYARDS™, creates a

25   likelihood of injury to Plaintiff's business reputation because persons driving on the same

26   highway and encountering Defendant and its products and services will believe that Plaintiff is

27   somehow affiliated with or related to, or has the approval of Plaintiff to use, the mark LODI

28   ESTATES, and any adverse reaction by the public to Defendant and the quality of its wine and

the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its wine.

By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be damaged, and, unless Defendant's activities are restrained, Plaintiff will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

WHEREFORE, Plaintiff prays:

1.     that Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminary and permanently enjoined from:

(a)     using the mark LODI ESTATES, or any colorable imitation thereof;

(b)     using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's marks LODI RED® and/or LODI VINEYARDS™, or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Plaintiff's wine or its connectedness to Defendant;

2.     that Defendant be required to file with the Court and serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.     that, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

4.     that, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived by it from the sale of LODI ESTATES;

5.     that Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotion material, wine or the like in the possession or custody or under the control of Defendant or in possession of its resellers and distributors and any product bearing a trademark found to infringe Plaintiff's trademark rights, as well as all plates, matrices and other means of making the same;

6.     that the Court declare this to be an exceptional case and award Plaintiff its full

costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7.    that the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

8.    for such other and further relief as the Court deems just and proper.

Dated: September 3, 2015                                    VEDDER PRICE (CA), LLP


                                                           By:     /s/Lucky Meinz
                                                                Robert S. Beiser
                                                                Alain Villeneuve
                                                                Lucky Meinz

                                                           Attorneys for Plaintiff
                                                           Michael David LLC

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Dated: September 3, 2015           VEDDER PRICE (CA), LLP

By:     /s/Lucky Meinz
        Robert S. Beiser
        Alain Villeneuve
        Lucky Meinz

Attorneys for Plaintiff
Michael David LLC

# EXHIBIT A

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 2,580,652

Registered June 18, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## LODI RED

PHILLIPS FARMS (PARTNERSHIP)

4580 WEST HIGHWAY 12

LODI, CA 95240

    FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

    FIRST USE 1-1-1981; IN COMMERCE 1-1-1981.

    NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RED", APART FROM THE MARK AS SHOWN.

    SEC. 2(F).

    SER. NO. 75-767,605, FILED 8-4-1999.

    BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

# EXHIBIT B



**Secretary of State**
**Business Programs Division**
Special Filings, P.O. Box 942877, Sacramento, CA 94277-0001

December 23, 2014

Anita A. Michalec
Wedder Price P.C.
222 N. LaSalle St., 25th Floor
Chicago, IL 60601

Congratulations, the mark you submitted has been registered with the California Secretary of State. Enclosed are the Certificate of Registration and a copy of the registration application and specimen you submitted.

- Although the Secretary of State's office has conducted a search of marks registered with this office and your mark does not appear to resemble any registered mark, there may be unregistered marks, California trade names, fictitious names, or names under which individuals conduct business that may resemble your mark. The owner of a mark is responsible for protecting the rights to the mark.

- A registered mark is effective for a term of five years.  This office does not send a notification of expiration, therefore, it is the responsibility of the owner to renew the mark within six months prior to the expiration date.

If you have any questions regarding such rights you should confer with legal counsel.

DOCKETED
Client: _____
File No.: _____
Due Date: _____

Sincerely,
Trademark Unit

By: _____ Date: _____

DOCKETED

California Secretary of State
www.sos.ca.gov
(916) 653-3984

TM/SM (07/2010)

# State of California
## Secretary of State

## CERTIFICATE OF REGISTRATION OF TRADEMARK

*I, DEBRA BOWEN,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Trademark Reg. No.: | 115647 |
| Name of Registrant: | MICHAEL-DAVID, LLC |
| Business Address: | 4580 West Highway 12, Lodi, CA 95242 |
| State of Incorporation/ Organization: | California: |
| Date First Used in California: | March 14, 2001 |
| Date First Used Anywhere: | March 14, 2001 |
| Description of Trademark: | LODI VINEYARDS (Disclaimer: Lodi) |
| Description of Goods on which the Trademark is Used: | Wine |
| Class Number(s): | 33 |
| Date of Registration: | December 1, 2014 |
| Term of Registration Extends to and Includes: | December 1, 2019 |

In accordance with the application filed in this office, the Trademark described above has been duly registered.   A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of December 2014

**DEBRA BOWEN**
**Secretary of State**

*NP-25 (REV 1/2007)*

OSP 06 99731



# State of California
# Secretary of State

## REGISTRATION OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code sections 14207 and 14235
**IMPORTANT – Read instructions before completing this form.**

| REGISTRATION APPLICATION FOR (Check One): | ☒ **TRADEMARK** | ☐ **SERVICE MARK** |
|---|---|---|

**1. NAME OF OWNER OF MARK (REGISTRANT)**
Michael-David, LLC

| 2. BUSINESS ADDRESS OF REGISTRANT<br>4580 West Highway 12 | CITY AND STATE<br>Lodi, California | ZIP CODE<br>95242 |
|---|---|---|

**3. BUSINESS STRUCTURE OF REGISTRANT (Check One and Complete)**

☐ CORPORATION (State of Incorporation)_____

☒ LIMITED LIABILITY COMPANY (State of Organization) California

☐ LIMITED PARTNERSHIP (State of Organization)_____

☐ GENERAL PARTNERSHIP (State of Organization)_____

☐ SOLE PROPRIETOR

☐ SPOUSES, AS COMMUNITY PROPERTY

☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY

☐ OTHER (Describe)_____

**4. NAMES OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP**

**5. NAME AND/OR DESIGN OF MARK.** (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.)

Lodi Vineyards

The mark is presented in standard character format without claim to any particular font style, size, or color

**6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM:**

No claim is made to the exclusive right to use "LODI" apart from the mark as shown

| 7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA<br>March 14, 2001 | 7b. DATE THE MARK WAS FIRST USED ANYWHERE<br>March 14, 2001 |
|---|---|

**8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.**

Wine

**8b. CLASS NUMBER(S)** 33

THIS SPACE FOR FILING OFFICER USE
**TRADEMARK OR SERVICE MARK**
REG. NO. **00115647**
CLASS NO.(S) 33

**FILED**
Secretary of State
State of California

DEC 01 2014

**9. RETURN ACKNOWLEDGMENT TO:** (Type or Print)

NAME ⌐ Anita A. Michalec

ADDRESS   Vedder Price P.C.
          222 N. LaSalle St., 25th Floor

CITY/STATE/ZIP └ Chicago IL, 60601 ⌐

SEC/STATE TM 100 (REV. 08/2010)          (Page 1 of 2)          FILING FEE: $70.00 PER CLASSIFICATION

10. INDICATE WHETHER AN APPLICATION TO REGISTER THE MARK, OR PORTIONS, OR A COMPOSITE THEREOF, HAS BEEN FILED BY THE REGISTRANT OR A PREDECESSOR IN INTEREST WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.

FILING DATE 03/14/2001      SERIAL/FILE NO. 76228362      STATUS OF APPLICATION Abandoned in 2002

IF REFUSED, WHY? Descriptive, but the mark has now been in use for 13 yrs and has acquired secondary meaning

☐ CHECK HERE IF THIS ITEM DOES NOT APPLY    Also, "LODI RED", Filed 08/04/1999, Registration No. 2580652, Registered 06/18/2002

---

11. MANNER IN WHICH THE MARK IS USED (Check all that apply)

**FOR TRADEMARKS ONLY**

☒ ON LABELS AND TAGS AFFIXED TO THE GOODS
☒ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS
☐ BY PRINTING IT DIRECTLY ONTO THE GOODS
☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS OF THE GOODS
☐ OTHER _____

**FOR SERVICE MARKS ONLY**

☐ ON BUSINESS SIGNS
☐ ON ADVERTISING BROCHURES
☐ ON ADVERTISING LEAFLETS
☐ ON BUSINESS CARDS
☐ ON LETTERHEADS
☐ ON MENUS
☐ OTHER _____

---

12. SPECIMENS (Check one box below and enclose three (3) identical original specimens showing current use of the mark.)

**FOR TRADEMARKS ONLY**

☒ ACTUAL LABELS
☐ ACTUAL TAGS
☐ PHOTOGRAPHS OF GOODS/CONTAINERS SHOWING THE TRADEMARK
☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK
☐ OTHER _____

**FOR SERVICE MARKS ONLY**

☐ BUSINESS CARDS
☐ ADVERTISING BROCHURES
☐ ADVERTISING LEAFLETS
☐ MENUS SHOWING THE MARK
☐ OTHER _____

---

13. DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

---

14. DECLARATION OF ACCURACY                    00115647

Applicant declares that all the information contained in this registration is accurate and if the applicant willfully states in the registration any material fact that the applicant knows to be false, the applicant shall be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

9-19-14

DATE

SIGNATURE OF AUTHORIZED PERSON

David J. Phillips - Manager

TYPE OR PRINT NAME AND TITLE

SEC/STATE TM 100 (REV. 08/2010)          (Page 2 of 2)          FILING FEE: $70.00 PER CLASSIFICATION

00115647

# LODI VINEYARDS

The mark is presented in standard character format without claim to particular font style, size, or color.

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR

REPRODUCTION OF TRADEMARK REG. NO. **00115647**

