UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL DAVID LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>OAK RIDGE WINERY LLC, a California limited liability company,<br><br>            Defendant. | CIV. NO. 2:15-01874 WBS AC<br><br>ORDER RE: PLAINTIFF'S MOTION TO STRIKE |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

Presently before the court is plaintiff Michael David LLC's motion to strike defendant Oak Ridge Winery LLC's affirmative defenses of estoppel, unclean hands, and fraud as insufficiently pled and redundant of defendant's counterclaims

1

pursuant to Federal Rule of Civil Procedure 12(f).  (Docket No. 18.)

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). Under Rule 8(c), an affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (citation omitted).  An affirmative defense is legally insufficient as a matter of law where "there are no questions of fact," "any questions of law are clear and not in dispute," and "under no set of circumstances could the defense succeed." Ramirez v. Ghilotti Bros., 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (citation omitted).  An affirmative defense is insufficient as a matter of pleading if it does not "contain sufficient factual matter to state a defense that is 'plausible on its face.'"  Id. (citation omitted).

Because motions to strike are "often used as delaying tactics," they are "generally disfavored" and are rarely granted in the absence of prejudice to the moving party.  Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see also N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." (citation and

1 internal quotation marks omitted)).  "Courts must view the
2 pleading under attack in the light most favorable to the pleader,
3 treating as admitted all material facts alleged and all
4 reasonable presumptions that can be drawn therefrom."  <u>Rosales</u>,
5 133 F. Supp. 2d at 1180.

6      At this stage in the litigation, the court lacks any
7 basis to conclude that there is "no set of circumstances" under
8 which defendant's affirmative defenses could succeed.  <u>Ramirez</u>,
9 941 F. Supp. 2d. at 1204.  Moreover, plaintiff has failed to
10 demonstrate that it will be prejudiced by these defenses.
11 Accordingly, the court will deny plaintiff's motion to strike
12 defendant's affirmative defenses.  In so doing, the court
13 expresses no opinion about the merits of plaintiff's claims or
14 defendant's affirmative defenses.

15      IT IS THEREFORE ORDERED that plaintiff's motion to
16 strike (Docket No. 18) be, and the same hereby is, DENIED.
17 Dated:  March 23, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3