UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL DAVID LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>OAK RIDGE WINERY LLC, a California limited liability company,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CIV. NO. 2:15-01874 WBS AC<br><br><u>ORDER RE: CROSS-MOTIONS FOR JUDGMENT ON THE PLEADINGS</u> |

----oo0oo----

Presently before the court is defendant Oak Ridge Winery LLC's motion for judgment on the pleadings with respect to its unclean hands and non-incontestability counterclaims, (Docket No. 15), and plaintiff Michael David LLC's cross-motion for judgment on the pleadings on defendant's unclean hands, non-

1

incontestability, and fraud counterclaims, (Docket No. 18), pursuant to Federal Rule of Civil Procedure 12(c).

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings is "proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).

The court may consider only the pleadings, matters incorporated by reference in the complaint, or matters of judicial notice.  <u>Kaur v. Citibank, N.A.</u>, Civ. No. 1:13-01610 AWI, 2014 WL 3756136, at *2 (E.D. Cal. July 30, 2014). "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."  <u>Hal Roach Studios</u>, 896 F.2d at 1550.

A judgment on the pleadings under Rule 12(c) is more severe than an order of dismissal for failure to state a claim under Rule 12(b)(6), because unlike the latter, the former results in a judgment which does not allow for amendment under Rule 15(a).  Because the court cannot finally resolve the merits of defendant's counterclaims on the present record, neither party

1 | has met the standard for judgment on the pleadings on those
2 | counterclaims.
3 |      IT IS THEREFORE ORDERED that defendant's motion for
4 | judgment on the pleadings (Docket No. 15) and plaintiff's cross-
5 | motion for judgment on the pleadings (Docket No. 18) be, and the
6 | same hereby are, DENIED.
7 | Dated:   March 24, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE